142      LAW *v.* THE PEOPLE *ex rel.*      [Sept. T.

Opinion of the Court.

### JANE LAW

*v.*

### THE PEOPLE *ex rel.* Henry B. Miller.

1. TAXATION — *description of property in assessment.* Where land is assessed in such a way as to render the description uncertain, the owner can tender to the collector the amount of tax and demand a receipt with a proper description of the land, and it will be the duty of the collector to give such receipt.

2. SAME—*owner can not object to uncertainty of description, in an appeal from judgment for taxes against land.* Where land is described imperfectly in a judgment for taxes, but the owner's name is given, he can not, on appeal, have the judgment reversed on account of the uncertainty of the description, because, if the judgment does not describe his land, he is not injured, and if it does describe his land, but not with the certainty desired, he should have offered to pay the tax, and demanded a receipt with a proper description of the land, which he could, by *mandamus,* have compelled the collector to give.

3. BACK TAXES—*delinquent list need not show valuation for.* The statute does not require the delinquent list for any year to contain, on its face, the valuation of the land for a previous year, for which back taxes are claimed, and where the record of a judgment for taxes of the current year, including back taxes for a former year, shows that a copy of the delinquent list for such previous year was produced to the court, in which the valuation and assessment for such year were shown, it is sufficient to authorize a judgment.

APPEAL from the County Court of Cook county; the Hon. M. R. M. WALLACE, Judge, presiding.

Mr. WILLIAM BORDEN, for the appellant.

Mr. JOHN M. ROUNTREE, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The judgment appealed from is for the amount of $2461.67 taxes, being $1274.80 for the State and county taxes of 1874, and $1186.07 " back taxes." The judgment is against land described as " a part of sec. 23, T. 38 N., R. 14,—being 74.64 acres, and being south half [except west 12 rods of east 40 rods

of the north half, and the north 10 rods south 13 rods of the east 28 rods of the north half] of the N. W. quarter."

It is objected by appellant that this description is bad, for uncertainty. The description stated above is a transcript from the description in the record, except that abbreviations are used in the record; and that the brackets in the above statement are not found in the record. The description is not free from just criticism, but, we think, not void for uncertainty. It is said that the land of appellant lies in the south half of the northwest quarter of section 23; but it is insisted that the description in the record might be construed to apply to the north half of the quarter section. Suppose this to be so. If appellant, in such case, had tendered to the collector the amount of the taxes, and presented him with a receipt, applying the taxes upon all the south half of the north-west quarter of that section, except the west 12 rods of the east 40 rods of the north half of said south half of said quarter section, and except, also, the north 10 rods of the south 13 rods of the east 28 rods of the north half of said south half of said quarter section, it would have been the duty of the collector to have signed the receipt, and he could have been compelled, by *mandamus,* to have done so.

The land is further described as the property of the " estate of P. Lair." The objector professes to represent that estate. If the description does not embrace the land in which she is interested, the judgment can do her no harm. If it does describe the land in which she is interested, but not with the certainty desired, the description could be made perfectly certain, as above suggested, in the collector's receipt. This objection of uncertainty can not prevail in this proceeding.

Again, it is objected that the delinquent list of 1874 did not contain, on its face, the valuation of the land for the year 1873, for which year the back taxes were claimed. The statute does not require that this should be done. The record shows that the copy of the delinquent list for 1873 was produced to the court, and in that the valuation and assessment for taxes of 1873 were shown.

The judgment is affirmed.                    *Judgment affirmed.*